UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Marshall Mack, Jr., | ) | Civil Action No.: 9:20-cv-04227-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Martell Wilfredo, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Marshall Mack, Jr., a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Respondent filed a return and a motion for summary judgment. *See* ECF Nos. 22 & 23. The United States Magistrate Judge, Molly H. Cherry, issued a *Roseboro*[1] order directing Petitioner to respond to the motion for summary judgment, *see* ECF No. 24, but Petitioner failed to file a response. The matter is now before the Court for review of the Report and Recommendation ("R & R") of the Magistrate Judge.[2] *See* ECF No. 27. The Magistrate Judge recommends the Court dismiss Petitioner's habeas petition for lack of prosecution.[3] *See id*.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.

---

[1]     *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2]     This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) for the District of South Carolina.

[3]     The R & R also specifically notified Petitioner that if he notified the Court within the time set forth for filing objections to the R & R that he wants to continue with the case and provided a response to the Motion for Summary Judgment, the Clerk would be directed to vacate the R & R and the case would be returned to the Magistrate Judge for further handling. *See* ECF No. 27 at 2. However, Petitioner did not contact the Court, file objections to the R & R, or respond to the Motion for Summary Judgment.

*See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Neither party has filed objections to the R & R, and the time for doing so has expired.[4]  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

## Certificate of Appealability

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases.  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is

---

[4]     Petitioner's objections were due by July 16, 2021.  *See* ECF Nos. 27 & 28.

debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.  In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Having found no clear error, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 27] and **DISMISSES** Petitioner's § 2254 petition *with prejudice*.  Respondent's motion for summary judgment [ECF No. 23] is **DENIED AS MOOT**.  The Court **DENIES** a certificate of appealability because Petitioner has not made a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
August 3, 2021

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge